1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    THEOTIS GOLDEN,

11              Plaintiff,                    No. CIV S-07-0472 WBS GGH P

12        vs.

13    UNKNOWN,

14              Defendant.                    ORDER & FINDINGS & RECOMMENDATIONS

15    _____/

16              By Order, filed on March 30, 2007, plaintiff, a state prisoner at Centinela State

17    Prison, who had filed a declaration containing brief and vague allegations of public corruption,

18    attaching a generalized inmate appeal he submitted concerning prison overcrowding and

19    responses thereto, was informed as follows:

20              In order to commence an action, plaintiff must file a complaint as
              required by Rule 3 of the Federal Rules of Civil Procedure, and
21              plaintiff must either pay the required filing fee or file an
              application requesting leave to proceed in forma pauperis.[1]  See 28
22              U.S.C. §§ 1914(a), 1915(a).  The court will not issue any orders
              granting or denying relief until an action has been properly
23              commenced.  Therefore, plaintiff's declaration will be disregarded.
              Plaintiff will be provided the opportunity to file his complaint, and
24              to submit an application requesting leave to proceed in forma

25    _____

26        [1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the
      filing fee but will be allowed to pay it in installments.

                                               1

1    pauperis or to submit the appropriate filing fee.

2    See Order, filed on March 30, 2007, pp. 1-2.

3    Plaintiff was granted thirty days to file a complaint in compliance with the

4    requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules,

5    and to file an application to proceed in forma pauperis, or the filing fee in the amount of $350.00.

6    See, id. at 2.  The court further directed the Clerk of the Court to send plaintiff the court's form

7    for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.  Id.

8    Plaintiff was cautioned that his failure to comply with the order would result in a

9    recommendation that this matter be dismissed.  Id.

10    On April 6, 2007, plaintiff filed a document he entitled "2nd Declaration" to which

11    he attached a filing which purported to be a complaint pursuant to 42 U.S.C. §§ 1983 & 1985,

12    alleging that the named defendants, Santa Clara County District Attorney George W. Kennedy,

13    Santa Clara County Deputy District Attorney David J. Pandori, and Santa Clara County Superior

14    Court Judge Andrea Y. Bryan, had conspired to engage in an abuse of the criminal process and to

15    "undertake a malicious prosecution."  See docket entry # 4, pp. 4-5.  Notably, plaintiff did not

16    include either an application to proceed in forma pauperis, or the filing fee.

17    Plaintiff included among his disparate allegations that his arrest in Santa Clara

18    County, on October 29, 2003, for possession of a loaded firearm and parole violation only

19    resulted in a prosecution in retaliation for his having subsequently filed a lawsuit, on March 24,

20    2004, against "a fellow Santa Clara County official."  Id. at 6.  Plaintiff then goes on to allege

21    that, on July 4, 2004, he was "tortured" by being handcuffed and chained to the floor "without

22    probable cause."  Id.  In February, 2005, was moved to administrative segregation.  Id.  On

23    March 9, 2005, Correctional Officers (C/O's) Duarte and Arndt, two individuals whom plaintiff

24    does not name as defendants, tortured him by handcuffing him behind his back and chaining him

25    to the floor.  Id. at 7.  These same non-defendants, on March 18, 2005, harassed him again, this

26    time searching his legal papers, with C/O Arndt telling plaintiff "not to be such a wiseguy."  Id.

1    On approximately March 24, 2005, "plaintiff received an indirect threat, featuring him as the

2    wiseguy, indicating a bounty had been placed on his head by organized crime, which appears to

3    have infiltrated our government."   Id.  Plaintiff then asserts that the defendants, using "undue

4    influence," had plaintiff transferred to Centinela State Prison, where his mail is intercepted and

5    monitored and his access to the court restricted.  Id.  Plaintiff then appears to return to the

6    gravamen of his complaint, that he has been subjected to a malicious prosecution, resulting in his

7    wrongful conviction and a sentence of 25 years to life in state prison.  Id.  He seeks injunctive

8    relief, in the form of an immediate release without parole and expungement of his conviction,

9    and money damages, including punitive damages.  Id. at 10.

10            Plaintiff then, on May 2, 2007, evidently after having received the court's March

11   30, 2007, Order, set forth above, filed a "motion for correction," stating that it was not his

12   intention to file an action under 42 U.S.C. § 1983, but rather to "report a judicial scandal."

13   Docket Entry # 5, p. 1.  Plaintiff attaches, inter alia, to this filing, documents he has apparently

14   filed in the state supreme court, concerning the putatively false evidence that the Santa Clara

15   District Attorney's Office offered in obtaining plaintiff's conviction.  Id. at 5.  Evidently this

16   claim revolves around plaintiff's belief that his case had initially been stamped closed before he

17   was prosecuted.  Id.  The court will not further characterize the inapposite attachments, but will

18   disregard this purported motion, which appears on the face of it, at least in part to be an effort to

19   circumvent the court's order to either file an in forma pauperis affidavit or to pay the filing fee.

20            Although plaintiff's failure to comply with the court's order constitutes a separate

21   ground for dismissal, see Fed. R. Civ. P. 41(b) and Local Rule 11-110, and although the court is

22   not required to screen the complaint as plaintiff has altogether failed to discharge his obligation

23   to either file an in forma pauperis affidavit of pay the filing fee (28 U.S.C. § 1915), the

24   undersigned will screen the complaint (28 U.S.C. § 1915A), finding that this matter should be

25   dismissed with prejudice.

26   \\\\\

1    The court must dismiss a complaint or portion thereof if the prisoner has raised

2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

4  U.S.C. § 1915A(b)(1),(2).

5    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12    A complaint must contain more than a "formulaic recitation of the elements of a

13  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

14  speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

15  "The pleading must contain something more...than...a statement of facts that merely creates a

16  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

17  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

18  standard, the court must accept as true the allegations of the complaint in question, Hospital

19  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

20  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

21  McKeithen, 395 U.S. 411, 421 (1969).

22    In the first place, plaintiff sets forth allegations against individuals unrelated to

23  those he names as defendants, which violates Rule 8 of the Federal Rules of Civil Procedure.

24  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against

25  them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v.

26  Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and

scanty allegations fails to satisfy the notice requirement of Rule 8.)  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further,  "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

In the second place, in asserting multiple unrelated claims against different defendants (or against some of whom he has not clearly identified as defendants), plaintiff presents the kind of "mishmash of a complaint" that has been roundly repudiated, and this action should be dismissed on that ground as well.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("[u]nrelated claims against different defendants belong in different suits").

In the third place, to the extent that plaintiff seeks to sue a district attorney and deputy district attorney for malicious prosecution in proceeding to prosecute him in a criminal action, plaintiff is informed that prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.

See <u>Stevens v. Rifkin</u>, 608 F.Supp. 710, 728 (N.D. Cal. 1984).  Plaintiff's claims fall squarely within those for which defendants District Attorney Kennedy, and Deputy District Attorney Pandori are absolutely immune from suit and these defendants should be dismissed with prejudice.

As for defendant Judge Bryan, the only remaining named defendant, whom plaintiff seeks to fault for allowing a criminal trial against him to proceed, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-7 (1978), <u>quoting</u> <u>Bradley v. Fisher</u>, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of <u>Stump v. Sparkman</u> determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

<u>Id.</u> at 361.

Once again, the conduct for which plaintiff seeks to implicate this defendant, presiding over an action wherein plaintiff was criminally prosecuted falls wholly within the course and scope of judicial duties for which Judge Bryan is absolutely immune and this defendant should be dismissed with prejudice.

Finally, to the extent that plaintiff seeks money damages for what he alleges to have been a fraudulent or malicious prosecution, plaintiff is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), from proceeding in this putative civil rights action.  In Heck, <u>supra</u>, an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on

voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive

relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's

dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has <u>not</u>
> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>  In this case, plaintiff not

only wholly fails to preliminarily demonstrate, in order to seek money damages herein, that the

criminal action against him has been invalidated, expunged or reversed, but actually also seeks to

achieve invalidation of his conviction by the inappropriate vehicle of this purported § 1983

action in the form of injunctive relief.  Plaintiff is reminded, however, that challenges to the

validity of any confinement or to particulars affecting its duration are the province of habeas

corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).

For all of the reasons set forth above, the court must recommend that this action

be dismissed without leave to amend.  Even assuming that plaintiff were proceeding in

compliance with this court's prior order, which he plainly is not, liberality in granting a plaintiff

leave to amend "is subject to the qualification that the amendment not cause undue prejudice to

the defendant, is not sought in bad faith, and is not futile."  <u>Thornton v. McClatchy Newspapers,</u>

<u>Inc.</u>, 261 F.3d 789, 799 (9th Cir. 2001), quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th

Cir.1999).  "Under Ninth Circuit case law, district courts are only required to grant leave to

amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a

7

1  complaint lacks merit entirely." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).  <u>See also</u>,

2  <u>Smith v. Pacific Properties and Development Corp.</u>, 358 F.3d 1097, 1106 (9th Cir. 2004), citing

3  <u>Doe v. United States</u>, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

4  amend even if no request to amend the pleading was made, unless it determines that the pleading

5  could not be cured by the allegation of other facts.").  In this case, the court can discern no

6  manner in which plaintiff could cure the defects of his allegations.  This appears to be one of

7  those relatively rare cases when to grant plaintiff further leave to amend would be patently futile.

8         For the reasons set forth above, this court finds that plaintiff's complaint is wholly

9  frivolous, with defects for which no amount of amendment could provide a cure, and for which

10  the undersigned must recommend dismissal with prejudice.

11         Accordingly, IT IS ORDERED that plaintiff's May 2, 2007 (# 5), inapposite

12  "motion for correction," is disregarded.

13         IT IS RECOMMENDED that this action be dismissed with prejudice.

14         These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16  days after being served with these findings and recommendations, plaintiff may file written

17  objections with the court.  Such a document should be captioned "Objections to Magistrate

18  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

19  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

20  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: 03/10/08                          /s/ Gregory G. Hollows

22                                           GREGORY G. HOLLOWS
                                             UNITED STATES MAGISTRATE JUDGE

23

24  GGH:009
    gold0472.dis

25

26

8